IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ATLANTIC RECORDING
CORPORATION, a Delaware
corporation, *et al.*,                       :    Case No. 2:05-cv-628

    Plaintiffs,              :    Judge Sargus

v.                                           :    Magistrate Judge Abel

TIFFANY HAYES                                :

    Defendant.

## **ORDER**

This matter is before the Court on Magistrate Judge Abel's January 27, 2006 Report and Recommendation (doc. 17) which recommended granting plaintiffs' January 9, 2006 motion for default judgment (doc. 15). No objections were filed. Plaintiffs Atlantic Recording Corporation, Capitol Records, Inc., SONY BMG MUSIC ENTERTAINMENT, BMG Music, and Elektra Entertainment Group Inc. filed this action on June 24, 2005 alleging that defendant Tiffany Hayes committed copyright infringement by downloading and distributing a number of plaintiffs' songs over the Internet in violation of 17 U.S.C. § 101 *et seq.*

Plaintiffs provided the following factual background in their complaint and motion for default judgment. Plaintiffs are the copyright owners or licensees of certain exclusive rights for a number of copyrighted song recordings. Compl. ¶ 11. Among these rights is the exclusive right to distribute the copyrighted recordings to the public. Compl. ¶ 12. Plaintiffs attached to their motion for default judgment a non-exhaustive

1

list of copyrighted recordings for which plaintiffs' have a valid Certificate of Copyright Registration issued by the Register of Copyrights. *Id.*; *see* Exhs. A & B of Compl.

Plaintiffs allege that Hayes, without the authorization of plaintiffs, has and continues to use an online media distribution system to download and distribute plaintiffs' copyrighted recordings to the public and/or make the copyrighted recordings available for distribution to others in violation of plaintiffs' exclusive distribution rights. Compl. ¶ 13. Plaintiffs have identified infringement violations for six songs: "I'm a Thug" by Trick Daddy, "U Can't Touch This" by MC Hammer, "Dream Lover" by Mariah Carey, "The Message" by Nas, "Take You Out" by Luther Vandross, and "Make it Last Forever" by Keith Sweat. Compl. Exh. A. Further, plaintiffs state that they have placed the proper notices of copyright on each respective album cover for each of the sound recordings identified in Exhibit A in accordance with 17 U.S.C. § 401. Compl. ¶ 14.

Plaintiffs maintain that Hayes' acts of infringement were willful and intentional and in disregard and indifference to plaintiffs' rights. Compl. ¶ 15. Plaintiffs seek statutory damages of $750 per infringement pursuant to 17 U.S.C. § 504(c), for a total of $4,500.00, attorneys' fees in an unstated amount, $370 in costs pursuant to 17 U.S.C. § 505, and injunctive relief prohibiting Hayes from further infringement of plaintiffs' copyrights and ordering her to destroy all copies of sound recordings made in violation of plaintiffs' exclusive rights pursuant to 17 U.S.C. §§ 502 and 503.

Hayes was served with a copy of the summons and complaint on July 5, 2005 (doc. 4). She has not filed an answer or otherwise responded to plaintiffs' claims. On November 23, 2005, the Clerk of Court entered default against Hayes. In the Report and Recommendation, the Magistrate Judge performed an analysis and concluded that

plaintiffs were entitled to the relief they were seeking in accordance with the United States copyright laws. Defendant has not filed any objections. After reviewing the statutory provisions identified by plaintiffs and taking all of the plaintiffs' well-pleaded allegations as true, the relief sought is reasonable and appropriate. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995); Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Kelley v. Carr, 567 F. Supp. 831, 841 (W.D. Mich 1983)

Upon de novo review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Magistrate Judge's January 27, 2006 Report and Recommendation and **GRANTS** plaintiff's January 9, 2006 motion for default judgment (doc. 15). Accordingly, plaintiffs' are awarded $4,500 in statutory damages, which is $750 for each infringing act alleged in the complaint. Plaintiffs are awarded $370 in costs and attorneys' fees incurred for bringing this action. The following injunctive order shall be put into effect to prevent defendant Tiffany Hayes from further violating any of plaintiffs' rights protected by the Copyright Act:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label or Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e. upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in

Defendant's possession, custody, or control.

_____  3-23-2006
Edmund A. Sargus, Judge
United States District Court

4